# Exhibit B

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| THOMAS S. HEMMENDINGER,<br>in his capacity as Receiver of PROVIDENCE<br>COMMUNITY ACTION PROGRAM, INC. : | |
| vs. | C. A. NO.: |
| FRANK CORBISHLEY and<br>WILLIAM BENTLEY | |

## COMPLAINT

### Parties and Jurisdiction

1. Plaintiff Thomas S. Hemmendinger (hereinafter, "Receiver") is the court-appointed Receiver of Providence Community Action Program, Inc. (hereinafter "ProCAP"), and brings this action against defendants in his capacity as Receiver.

2. Defendant Frank Corbishley was, at all times relevant to this action, the executive director of ProCAP.

3. Defendant William Bentley was, at all times relevant to this action, the assistant director of ProCAP.

4. The monetary amount claimed, exclusive of interest and costs, is sufficient to establish the jurisdiction of this Court.

### Cause of Action

5. As officers of ProCAP, defendants owed a fiduciary duty to ProCAP and a duty to exercise due care in the performance of their duties and obligations to manage, direct, and supervise the operations and finances of ProCAP.

6. Defendants breached this duty and failed to exercise due care in that they:

1

      a.     misappropriated funds designated for specific programs to pay expenses for unrelated programs;

      b.     failed to implement necessary financial controls and procedures for ProCAP;

      c.     failed to implement necessary management controls and procedures for ProCAP;

      d.     failed to adequately supervise, manage, and control the activities of ProCAP employees with respect to the finances of ProCAP;

      e.     failed to follow, and failed to ensure that other ProCAP employees followed, ProCAP's own practices and procedures for payment of expenses and other financial transactions;

      f.     permitted ProCAP to make no-interest loans to employees, including no-interest loans to themselves;

      g.     failed to adequately respond to or cure deficiencies noted in management letters that ProCAP received from its independent auditors;

      h.     failed to enforce internal financial controls and internal management controls.

7.     As a direct and proximate result of defendants' breach of their fiduciary duty to ProCAP to exercise due care, ProCAP accumulated millions of dollars in debt that it could not pay, became insolvent, and was placed into receivership on December 14, 2011.

8.     Plaintiff was appointed temporary receiver of ProCAP on December 14, 2011, and was appointed permanent receiver of ProCAP on January 4, 2012.

9.     As Receiver of ProCAP, plaintiff is empowered and authorized, as the agent of the Court, to assert claims for damages against any parties who may be liable to ProCAP for damages, including defendants.

WHEREFORE, plaintiff demands judgment against defendants for compensatory damages, interest, and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury and designates John S. Foley as trial counsel.

THOMAS S. HEMMENDINGER, Receiver
By his attorney,

*/s/ John S. Foley*                                Bar #2060
John S. Foley, Esq.
FoleyCerilli, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
Telephone: (401) 272-7800
Facsimile: (401) 274-2780
john@foleycerilli.com

Dated: 6/13/14