UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY | : | |
| | : | |
| vs. | : | C. A. NO.: 1:15-cv-00388-S |
| | : | |
| PROVIDENCE COMMUNITY ACTION<br>PROGRAM, INC., THOMAS S.<br>HEMMENDINGER, FRANK<br>CORBISHLEY, and WILLIAM<br>BENTLEY | : | |

## ANSWER OF DEFENDANT THOMAS S. HEMMENDINGER

Defendant Thomas S. Hemmendinger, in his capacity as Receiver of Providence Community Action Program, Inc. (hereinafter "ProCAP"), answers plaintiff's Complaint for Declaratory Judgment, paragraph by paragraph, as follows:

### A.   Nature of the Action

1. This paragraph is a characterization by plaintiff of its cause of action against defendants, and as such requires no answer. This defendant admits that, acting in his capacity as Receiver of ProCAP, he has brought an action against Frank Corbishley and William Bentley in Providence County Superior Court for negligence and breach of their fiduciary duty.

### B.   Parties

2. Admitted.

3. This defendant admits that ProCAP was a Rhode Island non-profit corporation that had its principal place of business in Providence, Rhode Island. This defendant denies that ProCAP

continues to exist or has a principal place of business, since ProCAP was placed into receivership and this defendant has been permanent receiver of ProCAP since January 4, 2012, and ProCAP's Certificate of Incorporation/Authority was revoked by the Rhode Island Secretary of State on February 18, 2015.

4. Admitted.

5. Admitted.

### C.   Jurisdiction and Venue

6. This paragraph is a characterization by plaintiff of the nature of its cause of action, and as such requires no answer.

7. Admitted.

8. Admitted.

### D.   Factual Allegations

#### The Philadelphia Policy

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

#### The Underlying Claim

15. Admitted.

16. This defendant denies that his counsel's February 22, 2012 letter to plaintiff indicated or implied that this defendant was "acting on behalf of ProCAP" when he notified plaintiff of the potential claims. To the contrary, the letter specifically stated that this defendant was notifying plaintiff "of potential claims he may have *as Receiver* . . ." This defendant admits the remainder of the allegations of this paragraph.

17. Admitted.

18. This defendant denies that his counsel's letter of June 6, 2012 referred to "ProCAP's claim," or constituted a claim asserted by ProCAP, since ProCAP was in receivership, and the claim was being asserted by this defendant in his capacity as Receiver of ProCAP, and not by ProCAP itself. This defendant admits the remainder of the allegations of this paragraph.

19. This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

20. Admitted.

21. Admitted.

22. This defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.

23. This defendant admits that his attorney sent a demand letter to plaintiff on October 3, 2014, which demand was made on behalf of the Receiver, not by or on behalf of ProCAP.

24. Admitted.

### E. Count for Declaratory Judgment

25. This defendant incorporates by reference all the responses to the preceding paragraphs of the complaint.

26. This defendant admits that, as an "Independent Contractor," he qualifies as an "Individual Insured" and "Insured" as defined in the policy. This defendant admits that Corbishley and Bentley each qualify as an "Individual Insured" and "Insured" as defined in the policy.

27. Admitted.

28. Denied.

29. Denied.

30. This defendant admits that Philadelphia contends that it is not obligated to defend or indemnify Corbishley or Bentley, but denies that Philadelphia has no such obligation.

31. Admitted.

**WHEREFORE,** this defendant requests that this Court enter a declaratory judgment determining and declaring that Philadelphia has a duty under the policy to defend and indemnify Corbishley and Bentley with respect to the underlying claims, and granting such other and further relief as the Court may deem just and equitable.

THOMAS S. HEMMENDINGER, in his
capacity as Receiver of Providence
Community Action Program
By his attorney,

/s/ John S. Foley
_____
John S. Foley, Esq.              Bar #2060
FoleyCerilli, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
Telephone: (401) 272-7800
Facsimile: (401) 274-2780
john@foleycerilli.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 26, 2015 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Rhode Island by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

              /s/ John S. Foley
              _____