# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

----------------------------------------------------X

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

                Plaintiff,

   -against-

PROVIDENCE COMMUNITY ACTION PROGRAM, INC., THOMAS S. HEMMENDINGER, FRANK CORBISHLEY, and WILLIAM BENTLEY,

                Defendants.

----------------------------------------------------X

Case No.: 15-CV-00388-S-LDA

## MOTION OF PLAINTIFF PHILADELPHIA INDEMNITY INSURANCE COMPANY FOR SUMMARY JUDGMENT

Now comes plaintiff Philadelphia Indemnity Insurance Company ("Plaintiff") and, pursuant to Fed. R. Civ. P. 56, hereby moves for the entry of summary judgment on its Complaint against defendants. For the reasons set forth in its accompanying Memorandum of Law in Support of Motion for Summary Judgment, and supporting documents, there is no genuine issue of material fact and, as such, Plaintiff is entitled to the entry of a declaratory judgment as requested in its Complaint.

Wherefore, plaintiff Philadelphia Indemnity Insurance Company respectfully requests that the Honorable Court grants its Motion and enter summary judgment on its behalf.

Plaintiff requests oral argument.

Dated: May 16, 2016

776185v.1

By:     /s/ *J. Gregory Lahr*
        /s/ *William J. Brennan*

---

J. Gregory Lahr, Esq. (pro hac vice)
William J. Brennan, Esq. (pro hac vice)
SEDGWICK LLP
225 Liberty Street, 28th Fl.
New York, NY 10281
Telephone:  (212) 422-0202
Fax:  (212) 422-0925


/s/ *Thomas M. Robinson*

---

Thomas M. Robinson, Esq. #6193
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
Phone: 401-331-4660

ATTORNEYS FOR PHILADELPHIA
INDEMNITY INSURANCE COMPANY

## <u>CERTIFICATION</u>

I hereby certify that on May 16, 2016, a copy of the foregoing was electronically filed with the Court.  This document is available for viewing and downloading from the Court's ECF system.

Mark W. Dana, Esquire                     John S. Foley, Esquire
Dana & Dana, LLC                          Foley Cerilli, P.C.
35 Highland Avenue                        56 Pine Street, Suite 200
East Providence, RI 02914                 Providence, RI 02903


/s/ *Thomas M. Robinson*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

-------------------------------------------------------X

PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

    Plaintiff,

    -against-

PROVIDENCE COMMUNITY ACTION
PROGRAM, INC., THOMAS S.
HEMMENDINGER, FRANK CORBISHLEY,
and WILLIAM BENTLEY,

    Defendants.

-------------------------------------------------------X

Case No.: 15-CV-00388-S-LDA

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

J. Gregory Lahr, Esq. (pro hac vice)
William J. Brennan, Esq. (pro hac vice)
SEDGWICK LLP
225 Liberty Street, 28th Fl.
New York, NY 10281
Telephone:  (212) 422-0202
Fax:  (212) 422-0925

Thomas M. Robinson, Esq. #6193
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
Phone: 401-331-4660

ATTORNEYS FOR PHILADELPHIA
INDEMNITY INSURANCE COMPANY

# Table of Contents

I.    Preliminary Statement.................................................................................................1

II.   Relevant Background.................................................................................................3

    A.  Factual Background ................................................................................................3

    B.  The Relevant Policy Terms.....................................................................................5

    C.  The Procedural Background and the Parties' Dispute ...........................................7

III.  Summary Judgment Standard ..................................................................................8

IV.   Argument ...................................................................................................................8

    A.  The Policy's Exclusion J Precludes Coverage Because Hemmendinger, In His Role as Receiver, Acts on Behalf of "the Organization"................................................................8

        1.    The Policy's Own Terms Show that Hemmendinger Acts On Behalf of ProCAP in His Role as Receiver...................................................................................10

        2.    A Suit by Hemmendinger in His Role As Receiver Is, In Legal Effect, a Suit By ProCAP..........................................................................................................11

        3.    Hemmendinger Admitted that He Is Acting on ProCap's Behalf in Bringing Claims Against Corbishley and Bentley.................................................12

    B.  The Exception to Exclusion J Cannot Apply Because Hemmendinger Is an Individual Insured ...................................................................................................13

V.    Conclusion ...............................................................................................................14

TABLE OF AUTHORITIES

**Cases**

*Abedon v. Providence Redevelopment Agency*, 115 R.I. 512, 514 (1975) .................................. 11

*Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*,
241 F.3d 103 (1st Cir. 2001)................................................................................................. 8

*Arruda v. Sears, Roebuck & Co.*,
310 F.3d 13 (1st Cir. 2002)................................................................................................... 8

*Bliss Mine Road Condominium Association v. Nationwide Property and Casualty Insurance Co.*,
11 A.3d 1078 (R.I. 2010) ...................................................................................................... 9

*Cheaters, Inc. v. United Nat. Ins. Co.*,
41 A.3d 637 (R.I. 2012) ........................................................................................................ 9

*Derderian v. Essex Insurance Co.*,
44 A.3d 122 (R.I. 2012) ..................................................................................................... 8, 9

*Francis v. Buttonwood Realty Co.*,
65 A.2d 437 (R.I. 2007) ...................................................................................................... 11

*Frank v. Broadway Tire Exchange Co.*,
42 R.I. 27 (1918)................................................................................................................. 11

In re *Katz Interactive Call Processing Patent Litigation*,
712 F.Supp.2d 1080 (C.D. Cal. 2010) .............................................................................. 10

*Level 3 Communications, Inc. v. Federal Insurance Co.*,
168 F.3d 956 (7th Cir. 1999) ................................................................................................ 9

*Lifespan Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
59 F.Supp.3d 427 (D.R.I. 2014)......................................................................................... 13

*Lloyd's of London v. Pagán–Sánchez*,
539 F.3d 19 (1st Cir. 2008)................................................................................................... 8

*Marandola v. Marandola Mechanical Inc.*, 2005 WL 1331198 (R.I. Super. Ct. June 3, 2005) .. 12

*Niemuller v. National Union Fire Ins. Co. of Pittsburgh, PA*,
1993 WL 546678, at *3-5 (S.D.N.Y. Dec. 30, 1993) ....................................................... 12

*Nunez v. Merrimack Mutual Fire Insurance Co.*,
88 A.3d 1146 (R.I. 2014)...................................................................................................... 9

*O'Donnell v. Twin City Fire Ins. Co.*,
40 F.Supp.2d 68 (D.R.I. 1999).............................................................................................. 8

*Paine v. Schenectady Ins. Co.*, 11 R.I. 411 (1877)........................................................... 11, 12

*Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island*, P18 A.3d
495 (R.I. 2011)...................................................................................................................... 8

*Peerless Ins. Co. v. Luppe*,
118 A.3d 500 (R.I. 2015)....................................................................................................... 9

*Ryder v. Ryder*,
19 R.I. 188 (1895)............................................................................................................... 12

*St. Paul Fire & Marine Ins. Co. v. Warwick Dyeing Corp.*,
26 F.3d 1195 (1st Cir. 1994)............................................................................................... 13

*Township of Center, Butler County, Pa. v. First Mercury Syndicate, Inc.*,
117 F.3d 115 (3d Cir. 1997)................................................................................................. 9

*Vitterito v. Sportsman's Lodge & Restaurant, Inc.*,
228 A.2d 119, 102 R.I. 72 (R.I. 1967) ............................................................................... 11

**Other Authorities**

1 *Compact Edition of the Oxford English Dictionary* 1047 (1971)............................................. 10
14 Couch on Ins. 3d § 198:3 ........................................................................................................ 1
*American Heritage Dictionary of the English Language* 686 (4th Ed. 2000).............................. 10
*Webster's Ninth New Collegiate Dictionary* 481 (1991).......................................................... 10
*Webster's Third New International Dictionary* 886 (1986) ....................................................... 10

**Rules**
Fed. R. Civ. P. 56................................................................................................................... 1, 8
Fed. R. Evid. 801(d)................................................................................................................. 13

Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), by and through its attorneys, Sedgwick LLP and Morrison Mahoney LLP, respectfully submits this brief in support of its motion for summary judgment under Fed. R. Civ. P. 56.

## I.    PRELIMINARY STATEMENT

This case involves an insurance coverage dispute arising under a Directors and Officer's ("D&O") liability policy issued by Philadelphia to Providence Community Action Program ("ProCAP"). D&O policies are a form of "third-party liability insurance," and are meant to provide liability insurance against claims for damages brought against an insured corporation, or its directors or officers, by litigants who are clearly distinct from the covered insureds.[1]  For obvious reasons of collusion and moral hazard, a D&O insurer does not issue such coverage to defend or indemnify one insured (*e.g.*, a corporate officer) against allegations of misconduct brought by a related insured (*e.g.*, the insured corporation itself).  Accordingly, D&O policies, including the Philadelphia Policy at issue, explicitly exclude coverage for claims "by, at the behest, or on behalf of" the insured corporation against its own officers and directors.

In this case, the corporate insured, ProCAP, became insolvent and was placed into receivership.  In an attempt to squeeze all of the potential proceeds out of ProCAP's assets, ProCAP's Receiver, defendant Thomas S. Hemmendinger ("the Receiver" or "Hemmendinger"), has endeavored to trigger D&O coverage under ProCAP's Policy by suing two ProCAP executives

---

[1] As one treatise has explained:

> "First-party" insurance is a contract between the insurer and the insured to protect the insured from its own actual losses and expenses. Property insurance, fidelity insurance, and medical/health insurance are all examples of first-party insurance. "Third-party" insurance is a contract to protect the insured from losses resulting from actual or potential liability to a third party. This protection may involve defending the insured from suit, paying or settling a claim against the insured, or a combination of both. Liability insurance is third-party insurance.

14 Couch on Ins. 3d § 198:3 (updated Dec. 2015).

1

(defendants Frank Corbishley ("Corbishley") and William Bentley ("Bentley")) for alleged violations of their fiduciary duties to ProCAP, and then seeking a settlement from Philadelphia. Although the Receiver's claims are wholly derived from (and no different than) ProCAP's rights of recovery against its former officers Corbishley and Bentley, in this action the Receiver and Corbishley ("Defendants"[2]) contend that, because the Receiver elected to bring suit under his own name rather than ProCAP's, this nominal distinction avoids triggering the policy exclusion intended to exclude coverage for such causes of action – the insured vs. insured exclusion. This exclusion applies, and Defendants' position is untenable, for three reasons.

- First, the Policy was amended – at ProCAP's request and *after* Hemmendinger assumed control of ProCAP – to provide that Hemmendinger would be "perform[ing] services for" ProCAP in his role as Receiver, so that Hemmendinger would receiver D&O coverage under the Policy. Accordingly, the plain language of the Policy itself establishes that Hemmendinger was acting "on behalf of" ProCAP in his role as Receiver.

- Second, Rhode Island law[3] is clear that the Receiver steps into the shoes of ProCAP, and may not bring any claim or exercise any right that ProCAP could not have brought in the first instance. Because a suit brought in ProCAP's name bringing identical claims against Corbishley and Bentley would clearly not trigger coverage under the Policy, the merely nominal substitution of the Receiver's name for ProCAP cannot create coverage where none existed before.

---

[2] As explained below, Bentley has not appeared and has defaulted in this case. Philadelphia's basis for a judgment against Bentley, however, is identical to its case against the remaining Defendants.
[3] Unless otherwise indicated, Philadelphia asserts that Rhode Island law provides the relevant substantive law in this diversity case.

2

- Third, the Receiver's claims against Corbishley and Bentley make clear that the Receiver is asserting *ProCAP's* liability claim against them for breach of their fiduciary duties *to ProCAP*. In doing so, the Receiver effectively makes a judicial admission that his claims are brought "by, at the behest, or on behalf of" ProCAP.

Accordingly, Philadelphia respectfully requests that the Court issue a declaratory judgment finding that Philadelphia does not owe a defense or indemnity under the Policy for the claims brought against ProCAP's former officers by ProCAP's present Receiver, whether in his own name or in ProCAP's.

## II.   **RELEVANT BACKGROUND**

### A.   **Factual Background**

Philadelphia relies on all of the facts described in, and exhibits attached to, the Parties' Agreed Statement of Facts ("ASF") (Docket No. 18), and the pleadings on file with the Court, as well as the Statement of Undisputed Material Facts, filed herewith, and the Declaration of Lisa Cassidy (Exhibit A). Philadelphia includes the following condensed narrative of pertinent facts.

Philadelphia is an insurance company that is organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania. (ASF 2.) At all relevant times, ProCAP was a private, not-for-profit corporation with its principal place of business in Providence, Rhode Island. (ASF 1.) Philadelphia issued to ProCAP "Flexiplus Five" Insurance Policy No. PHSD619786 ("the Policy") for the policy period from June 6, 2011 to June 8, 2012. (ASF 4.) The Policy provides coverage on a claims-made basis, as limited by the Policy's terms and conditions, for directors and officers liability. (ASF 4.)

On December 14, 2011, ProCAP's Board of Directors initiated a receivership proceeding in the Providence County Superior Court, which promptly appointed defendant Hemmendinger to

3

act as ProCAP's temporary receiver. (ASF 6.) Hemmendinger has alleged that ProCAP was forced into insolvency by the misconduct of Corbishley and Bentley. (ASF 14; Ex. I at ¶¶6-7.) On January 4, 2012, the Providence County Superior Court appointed Hemmendinger as ProCAP's permanent receiver. (ASF 10.) Hemmendinger's appointment as ProCAP's receiver vests him "with the title to all assets, property, choses in action, and any rights of [ProCAP]" and entitles him to bring "suits in [ProCAP's] name or in the Receiver's name ... and generally do any other act which might be done by [ProCAP] or that may in the judgment of the Receiver be necessary or desirable for the protection, maintenance and preservation of the property and assets of [ProCAP]." (ASF 10, Ex. E at ¶¶3-4.)

On December 22, 2011, ProCAP's insurance broker (Troy, Pires & Allen, LLP) requested that Philadelphia amend the Policy to ensure that it covers Hemmendinger. (ASF 7; Declaration of Lisa Cassidy ¶¶ 4-7.) Philadelphia promptly complied by issuing an endorsement that added Hemmendinger (by name) to the Policy's definition of "Individual Insured" and described Hemmendinger as an "independent contractor" who would "perform services for [ProCAP]." (ASF 7, Ex. C.) ProCAP's insurance broker then sent a letter to ProCAP confirming that Hemmendinger had been added to the Policy and attaching a copy of the relevant endorsement. (ASF 8, Ex. D.)

On February 22, 2012, counsel for Hemmendinger notified Philadelphia that Hemmendinger, in his capacity as receiver of ProCAP, might assert claims against defendant Corbishley who was, at all relevant times, the executive director of ProCAP. (ASF 11.) On March 24, 2012, Philadelphia sent a reservation of rights letter to Hemmendinger which reserved Philadelphia's right to limit coverage in whole or in part and relied, among other provisions, upon the Policy's Exclusion J. (ASF 12.) On June 6, 2012, Hemmendinger's counsel sent Philadelphia a demand for payment of $1 million as the result of alleged misconduct by Corbishley and Bentley,

4

who at all relevant times was the assistant director of ProCAP.  (ASF 13; Ex. H.)  This demand

letter openly treated the Policy as if it were a first-party policy: "[P]lease consider this a demand

for payment to ProCAP in the amount of the $1,000,000.00 policy limits, because ProCAP's

insured losses exceed that amount."  (Id. at 8.)  Philadelphia declined to pay.

Two years later, Hemmendinger filed suit against Corbishley and Bentley in Providence

County Superior Court, using his own name in the caption:  "THOMAS S. HEMMENDINGER,

in his capacity as Receiver of PROVIDENCE COMMUNITY ACTION PROGRAM, INC." (the

"Underlying Claim").  (ASF 14, Ex. I.)  The Underlying Claim alleged that Corbishley and Bentley

each had violated "a fiduciary duty to ProCAP and a duty to exercise due care in the performance

of their duties and obligations to manage, direct, and supervise the operations and finances of

ProCAP."  (ASF 14, Ex. I at ¶¶5-6.)  The Underlying Claim also alleged that, "[a]s Receiver of

ProCAP, plaintiff is empowered and authorized, as the agent for the Court, to assert claims for

damages against any parties who may be liable to ProCAP for damages, including defendants."

(ASF 14, Ex. I at ¶9.)

Philadelphia initially agreed to defend Corbishley and Bentley, but gave timely notice to

the Receiver, Corbishley, and Bentley that it was reserving its right to deny coverage based on,

*inter alia*, the Policy's Exclusion J.  (ASF 15.)

## B.    The Relevant Policy Terms

Part 1 of the Policy provides Directors and Officers liability coverage on a claims made

basis.  The limit of liability under this coverage is $1 million for each policy period.  In relevant

part, the Policy's Insuring Agreements in Part 1 provide that:

> A.    [Philadelphia] will pay on behalf of the **Individual Insured,
> Loss** from **Claims** made against Individual Insureds during the
> **Policy Period** (or, if applicable, during the Extension Period), and
> reported to [Philadelphia] pursuant to the terms of this Policy, for

> **D&O Wrongful Acts,** except to the extent the **Organization** has indemnified the **Individual Insureds** for such **Loss.**
> …

The definitions to Part 1 provide that:

> **D&O Wrongful Act** means any actual or alleged:
>
> 1. act, error, omission, misstatement, misleading statement, neglect, breach of duty or **Personal & Advertising Injury** committed or attempted by an **Individual Insured** in his/her capacity as an **Individual Insured**; or by the **Organization**; …

The Policy's Common Policy Definitions section, as amended and in relevant part, states that:

> B. **Claim** means for the purposes of Parts 1, 2, 3, and 5:
>
> 1. any written demand for monetary or non-monetary relief; or
>
> 2. any judicial, civil, administrative, regulatory, or arbitration proceeding (including any appeal there from), which subjects an **Insured** to a binding adjudication of liability for monetary or non-monetary relief for a **Wrongful Act**; …

> F. **Individual Insured** means:
>
> 1. any individual who has been, now is or shall become a director, officer, governor, trustee, equivalent executive, employee (whether salaried or not), volunteer, leased or temporary employee, or committee member of the **Organization** …;
>
> …
>
> 5. Independent Contractors[4]
>
> Thomas S. Hemmendinger
>
> Independent Contractor means an individual who is contracted to perform services for the Organization; provided that such individual shall be deemed an Employee only if and to the extent that the Organization provides

---

[4] Part 5 of the Policy's definition of "Individual Insured" was added by endorsement dated December 22, 2011.

indemnification to such individual for services rendered as if they were rendered by an actual **Employee** of the **Organization**, and provided further that such individual(s) are known to the Underwriter. This Policy does not cover any **Loss** which any **Insured** is obligated to pay an Independent Contractor for overtime pay, vacation pay, or any employee benefit.

G. **Insured** means the **Organization** and **Individual Insured**.

...

J. **Organization** means:
   1. the **Parent Organization,**
   2. any **Subsidiary, ...**

...

K. **Parent Organization** means the first entity named in Item 1 of the Declarations Page.

Exclusion J of the Policy's Common Policy Exclusions section provides, in relevant part, that:

[Philadelphia] shall not be liable to make any payment for **Loss** in connection with any **Claim** made against the Insured: . . .

J. brought or maintained by, at the behest, or on behalf of the **Organization;** . . .

Exclusion J's application is modified in some circumstances by the Policy's Pro-Pak Elite Enhancement Endorsement: "Item J. will not apply to any **claim** brought as a derivative action, or similar action, on behalf of the **Organization,** provided the **claim** is brought without the assistance of any current or former **Individual Insured.**"

## C.     The Procedural Background and the Parties' Dispute

Philadelphia filed the instant action on September 15, 2015. Corbishley answered on October 23, 2015, and Hemmendinger answered on October 26, 2015. Bentley did not answer and defaulted; the Clerk's Entry of Default was docketed on May 5, 2016.

776179v.1

The parties agree that the Receiver, Corbishley, and Bentley all qualify as "Individual Insureds" and as "Insureds" as defined in the Policy, and that ProCAP is a "Parent Organization" and an "Organization" as defined in the Policy.  (Docket No. 9 (Hemmendinger Answer) at ¶¶ 26, 27; Docket No. 8 (Corbishley Answer) at ¶¶ 26, 27).  Although Philadelphia asserts that coverage for the Underlying Claim is excluded by the Policy's Exclusion J, the Receiver and Corbishley contend that Exclusion J does not apply and the Policy covers the Receiver's claims in the Underlying Claim.  (Docket No. 9 (Hemmendinger Answer) at ¶¶ 28, 29; Docket No. 8 (Corbishley Answer) at ¶¶ 28, 29).

## III.   SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56(a) , "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Cross-motions for summary judgment do not alter this standard, but rather require a determination of whether either party can show an entitlement to judgment as a matter of law based on the undisputed facts.  *Adria Int'l Grp., Inc. v. Ferre Dev., Inc.*, 241 F.3d 103, 107 (1st Cir. 2001) ); *O'Donnell v. Twin City Fire Ins. Co.*, 40 F. Supp. 2d 68, 71 (D.R.I. 1999) ).

## IV.   ARGUMENT

**A.   The Policy's Exclusion J Precludes Coverage Because Hemmendinger, In His Role as Receiver, Acts on Behalf of "the Organization"**

The construction of an unambiguous contract, like the Policy, is a question of law for the court. *See Lloyd's of London v. Pagán–Sánchez*, 539 F.3d 19, 22 (1st Cir. 2008); *Arruda v. Sears, Roebuck & Co.*, 310 F.3d 13, 19 (1st Cir. 2002).  "An insurance policy is contractual in nature[.]" *Derderian v. Essex Insurance Co.*, 44 A.3d 122, 127 (R.I. 2012) (quoting *Papudesu v. Medical Malpractice Joint Underwriting Association of Rhode Island*, P18 A.3d 495, 498 (R.I. 2011)). Accordingly, when interpreting an insurance policy, the Court should apply the rules of

construction that govern contracts. *See Nunez v. Merrimack Mutual Fire Insurance Co.*, 88 A.3d 1146, 1149 (R.I. 2014).

"In order to determine whether the terms of a policy are ambiguous, Rhode Island courts "give words their plain, ordinary, and usual meaning." *Derderian*, 44 A.3d at 128 (quoting *Bliss Mine Road Condominium Association v. Nationwide Property and Casualty Insurance Co.*, 11 A.3d 1078, 1083 (R.I. 2010)). "The Court considers the policy in its entirety and does not establish ambiguity by viewing a word in isolation or by taking a phrase out of context." *Id.* A contract is not ambiguous "merely because the parties disagree over its proper interpretation." *Peerless Ins. Co. v. Luppe*, 118 A.3d 500, 506 (R.I. 2015). Moreover, to the extent that there is a conflict between the original terms of a policy and a policy endorsement, the policy endorsement controls. *Cheaters, Inc. v. United Nat. Ins. Co.*, 41 A.3d 637, 644 n.9 (R.I. 2012). Applying these principles to the Policy shows that the plain language of Exclusion J precludes coverage for the Underlying Claim.

Exclusion J provides that Philadelphia "shall not be liable to make any payment for Loss in connection with any Claim made against the Insured … brought or maintained by, at the behest, or on behalf of the Organization." This type of exclusion is frequently called an "Insured v. Insured" exclusion, which is generally intended to "exclude coverage both of collusive suits – such as suits in which a corporation sues its officers or directors in an effort to recoup the consequences of their business mistakes, . . . thus turning liability insurance into business-loss insurance – and of suits arising out of those particularly bitter disputes that erupt when members of a corporate … family have a falling out and fall to quarreling." *Level 3 Communications, Inc. v. Federal Insurance Co.*, 168 F.3d 956, 958 (7th Cir. 1999). *See also Township of Center, Butler County, Pa. v. First Mercury Syndicate, Inc.*, 117 F.3d 115, 119 (3d Cir. 1997) ("The primary focus of the

exclusion is to prevent collusive suits in which an insured company might seek to force its insurer to pay for the poor business decisions of its officers or managers.").

The Policy defines "Organization" to mean ProCAP, and the parties agreed that Corbishley and Bentley are Insureds. There could be no dispute that Exclusion J would exclude coverage for the Underlying Claim, a "Claim," if ProCAP's name appeared first in its caption, rather than the Receiver's. The Defendants, therefore, argue that, by electing to bring the Underlying Claim in the Receiver's name rather than ProCAP's, Hemmendinger evades Exclusion J's effect.

### 1.    The Policy's Own Terms Show that Hemmendinger Acts On Behalf of ProCAP in His Role as Receiver

The Policy itself, as well as ProCAP's representations to Philadelphia, prove that Hemmendinger was acting "on behalf of" ProCAP in his role as Receiver. After Hemmendinger assumed control of ProCAP, ProCAP's broker represented to Philadelphia that Hemmendinger would be making all decisions regarding ProCAP in his role as Receiver, and needed to be covered under its D&O policy. Thus, the Policy was amended to identify Hemmendinger as an "an individual who is contracted to perform services for the Organization." In plain language, however, "for" means "on behalf of." *See, e.g., American Heritage Dictionary of the English Language* 686 (4th Ed. 2000) (defining "for" as "on behalf of"); *Webster's Ninth New Collegiate Dictionary* 481 (1991) (same); *Webster's Third New International Dictionary* 886 (1986) (defining "for" as "in behalf of"); 1 *Compact Edition of the Oxford English Dictionary* 1047 (1971) ("for" means "representing; as representative of" or "in place of; instead of"). *See also* In re *Katz Interactive Call Processing Patent Litigation,* 712 F.Supp.2d 1080, 1092 (C.D. Cal. 2010), *vacated in part on other grounds,* 639 F.3d 1303 (Fed. Cir. 2011) ("The plain meaning of 'for' means 'on behalf of.'"). Because the Policy must be read as a coherent whole, the Policy's endorsement identifying Hemmendinger as someone who would perform services "for" ProCAP shows that the

10

Policy considers his actions as a Receiver to be made "on behalf of" ProCAP when considering any actions taken by ProCAP becomes relevant to interpreting the Policy – *e.g.*, Exclusion J. Accordingly, the Policy's plain meaning establishes that Hemmendinger is acting on behalf of ProCAP in his role as the Receiver. Exclusion J, therefore, applies to the Underlying Claim.

### 2.    A Suit by Hemmendinger in His Role As Receiver Is, In Legal Effect, a Suit By ProCAP

In *Paine v. Schenectady Ins. Co.*, the Supreme Court of Rhode Island found that, under both New York and Rhode Island law, "the receiver, for the purposes of his appointment, is virtually the corporation, and that therefore a suit by him as receiver is, in legal effect, a suit by the corporation." 11 R.I. 411, 414 (1877). Although the *Paine* court's description of Rhode Island law appears to be dicta – because New York law controlled the decision – *Paine* is nevertheless directly on-point authority from Rhode Island's highest court. Since the ruling in *Paine*, moreover, Rhode Island courts consistently have found a legal identity between a receiver and the corporation in receivership because the Receiver "'stands in the shoes of the person over whose estate he has been appointed, and is clothed with only such rights of action as might have been maintained by such person.'" *Francis v. Buttonwood Realty Co.* 65 A.2d 437 (R.I. 2007) (quoting *Frank v. Broadway Tire Exchange Co.*, 42 R.I. 27, 31, 105 A. 177, 178 (1918)). *See also Abedon v. Providence Redevelopment Agency*, 115 R.I. 512, 514 (1975) (a receiver takes the insolvent corporation's assets subject to all of the obligations and disabilities affecting that corporation "as of the moment of the commencement of the receivership proceedings"); *Vitterito v. Sportsman's Lodge & Restaurant, Inc.*, 228 A.2d 119, 124-125, 102 R.I. 72, 80 (R.I. 1967) ("[A] receiver, like a voluntary assignee for the benefit of creditors, or assignee in insolvency or bankruptcy, succeeds only to the debtor's rights, and takes the property subject to the claims, liens and equities which would affect the debtor if he himself were asserting his interest in the property."); *Ryder v. Ryder*,

11

19 R.I. 188, 192, 32 A. 919, 921 (1895) (receivers "take only the debtor's rights, and consequently are affected with all claims, liens and equities, which would affect the debtor if he himself were asserting his interest in the property"); *Marandola v. Marandola Mechanical Inc.*, 2005 WL 1331198 (R.I. Super. Ct. June 3, 2005) (unpub.) ("It is a bedrock principle of receiverships that a receiver stands in no better shoes than the debtor company and has no higher rights than that which the company has."). This rule means that transferring control of ProCAP's causes of action to a receiver cannot evade the effect of Exclusion J because, as the *Paine* court explained, "a suit by [a duly appointed receiver] as receiver is, in legal effect, a suit by the corporation." *Cf. Niemuller v. National Union Fire Ins. Co. of Pittsburgh, PA*, 1993 WL 546678, at *3-5 (S.D.N.Y. Dec. 30, 1993) (Sotomayor, J.) (corporate insured's transfer of its interest in D&O policy by assignment does not negate Insured v. Insured exclusion because "[a]n assignee is in no better or worse position than the assignor").

In his role as Receiver, Hemmendinger has no greater or different causes of action against Corbishley and Bentley than does ProCAP; in fact, his causes of action are ProCAP's. Thus, according to the terms of the Receiver's appointment, the Rhode Island Superior Court granted him only "the title to all assets, property, choses in action, and any rights of [ProCAP]" – and nothing more. Under Rhode Island law, therefore, a suit by Hemmendinger "as receiver" is, in legal effect, a suit by or on behalf of ProCAP. That indisputably triggers Exclusion J, and excludes all coverage for the Underlying Claim.

### 3.   Hemmendinger Admitted that He Is Acting on ProCap's Behalf in Bringing Claims Against Corbishley and Bentley

When the Receiver sought to settle ProCAP's claims against Corbishley and Bentley, his counsel sent a demand to Philadelphia, claiming that "ProCAP's insured losses [under the Policy] exceed $1,000,000.00." (ASF, Ex. H at 8.)   Similarly, the Underlying Claim filed by the

Receiver's counsel alleges that the Receiver is asserting *ProCAP's* liability claim against Corbishley and Bentley for breach of their duties *to ProCAP*. The Underlying Claim does not assert any claims beyond those belonging to ProCAP.[5] In effect, these admissions show that the Receiver stands in ProCAP's shoes to collect on an obligation allegedly owed to ProCAP, but he apparently wants to step out of ProCAP's shoes to the extent that this same obligation entails a related "disability." The Receiver cannot have it both ways. Howsoever the Underlying Claim is captioned, the Receiver's asserted right to recovery is brought on behalf of ProCAP and, therefore, must be subject to all the rights *and disabilities* that ProCAP would face outside of receivership.

Because it is clear – as a matter of express Policy language, Rhode Island law, and the Receiver's judicial admissions – that the Underlying Claim was brought by, at the behest of, and/or on behalf of ProCAP, Exclusion J applies to preclude any coverage for Corbishley and Bentley.

**B.** **The Exception to Exclusion J Cannot Apply Because Hemmendinger Is an Individual Insured**

Under Rhode Island law, when the insurer demonstrates the applicability of a policy exclusion, the burden of showing that a claim falls within an exception to the exclusion shifts back to the policyholder. *See St. Paul Fire & Marine Ins. Co. v. Warwick Dyeing Corp.*, 26 F.3d 1195 (1st Cir. 1994); *Lifespan Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 59 F.Supp.3d 427, 440 (D.R.I. 2014). There is only one potentially applicable exception to Exclusion J. The Policy's Pro-Pak Elite Enhancement Endorsement provides that Exclusion J "will not apply to any claim brought as a derivative action, or similar action, on behalf of the Organization, provided the claim is brought without the assistance of any current or former Individual Insured." Irrespective of whether the Underlying Claim could plausibly be characterized as similar to a derivative action, it

---

[5] These settlement demands and allegations in the Underlying Claim constitute admissions by the Receiver. *See* Fed. R. Evid. 801(d) .

13

clearly was brought with Hemmendinger's assistance. Because Hemmendinger is specifically named in the Policy as an Individual Insured, and Defendants already have admitted this fact in their Answers, Defendants cannot demonstrate that this exception applies.

## V.  CONCLUSION

For the reasons set forth above, Plaintiff Philadelphia Indemnity Insurance Company respectfully requests that its motion be granted, the Court issue a declaratory judgment in its favor stating that Hemmendinger's Underlying Claim is brought by, at the behest of, or on behalf of ProCAP, and Corbishley and Bentley are not entitled to either a defense or indemnification under the Policy in connection with the Underlying Claim due to Exclusion J of the Policy.

Dated: May 16, 2016

By:  /s/ *J. Gregory Lahr*
     /s/ *William J. Brennan*

     J. Gregory Lahr, Esq. (pro hac vice)
     William J. Brennan, Esq. (pro hac vice)
     SEDGWICK LLP
     225 Liberty Street, 28th Fl.
     New York, NY 10281
     Telephone:  (212) 422-0202
     Fax:  (212) 422-0925


     /s/ *Thomas M. Robinson*

     Thomas M. Robinson, Esq. #6193
     MORRISON MAHONEY LLP
     10 Weybosset Street, Suite 900
     Providence, RI 02903-7141
     Phone: 401-331-4660

     ATTORNEYS FOR PHILADELPHIA
     INDEMNITY INSURANCE COMPANY

14

## <u>CERTIFICATION</u>

I hereby certify that on May 16, 2016, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system.

Mark W. Dana, Esquire
Dana & Dana, LLC
35 Highland Avenue
East Providence, RI 02914

John S. Foley, Esquire
Foley Cerilli, P.C.
56 Pine Street, Suite 200
Providence, RI 02903

*/s/ Thomas M. Robinson*

776179v.1