UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PHILADELPHIA INDEMNITY     :
INSURANCE COMPANY     :
                :
                :
vs.                :   C. A. NO.:  1:15-cv-00388-S
                :
                :
PROVIDENCE COMMUNITY ACTION :
PROGRAM, INC., THOMAS S.     :
HEMMENDINGER, FRANK      :
CORBISHLEY, and WILLIAM     :
BENTLEY              :

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Rule 56 of the Local Civil Rules governing the United States District Court for the District of Rhode Island, Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia") by their attorneys Sedgwick, LLP and Morrison Mahoney, LLP, submits this statement of material facts as to which there are no genuine issues to be tried. This Statement is based on the Agreed Statement of Facts ("ASF"), already on file with the Court, and the Declaration of Lisa Cassidy ("Cassidy Decl."), filed herewith.

1.   As of December 14, 2011, Providence Community Action Program ("ProCAP") was a private, not-for-profit corporation and community action agency (commonly referred to as a "CAP agency") with its principal place of business in Providence, Rhode Island. (ASF 1).

2.   ProCAP operated, promoted, and supported the development of human service programs aimed at improving the lives of low to moderate-income individuals and families in Providence.

ProCAP's programs were funded primarily by grants from various federal, state, and private agencies. (ASF 2).

3. Philadelphia is an insurance company that is organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania. (ASF 3).

4. Philadelphia issued to ProCAP a "Flexiplus Five" insurance policy, Policy No. PHSD619786 ("the Policy"), for the period June 6, 2011 to June 8, 2012. Part 1 of the Policy includes coverage, on a claims-made basis and as limited by the Policy's terms and conditions, for directors and officers liability. (ASF 4).

5. On December 14, 2011, Michael A. Solomon, in his capacity as chairman of the Board of Directors of ProCAP, filed a petition in Providence County Superior Court to place ProCAP in receivership, and for the appointment of a permanent receiver. (ASF 5).

6. On December 14, 2011, defendant Thomas S. Hemmendinger ("Hemmendinger") was appointed by the Providence County Superior Court as temporary receiver of ProCAP. (ASF 6).

7. On December 22, 2011, the Policy's definition of "Individual Insured" was amended by Philadelphia – at the request of Troy, Pires & Allen LLC – to add Hemmendinger as an independent contractor. (ASF 7).

8. As of December 22, 2011, Troy, Pires & Allen, LLC was ProCAP's insurance broker, and was fully empowered to act as ProCAP's agent and representative for matters such as requesting changes to the Policy's coverage. (Cassidy Decl. ¶¶4-7).

9. By letter dated December 29, 2011, Troy, Pires & Allen LLC sent ProCAP a copy of the Policy endorsement adding Hemmendinger to the Policy's definition of "Individual Insured." (ASF 8).

776176v.1

10. The Policy Change Document effectuating this change is included as the first page of Exhibit A to the ASF. (ASF 9).

11. On January 4, 2012, Hemmendinger was appointed by the Providence County Superior Court as permanent receiver of ProCAP. (ASF 10).

12. On February 22, 2012, counsel for Hemmendinger notified Philadelphia that Hemmendinger, in his capacity as receiver of ProCAP, might assert claims against defendant Frank Corbishley ("Corbishley"), who was, at all relevant times, the executive director of ProCAP. (ASF 11).

13. On March 24, 2012, Philadelphia sent a reservation of rights letter to Hemmendinger which reserved Philadelphia's right to limit coverage in whole or in part and relied, among other provisions, upon the Policy's Exclusion J. (ASF 12).

14. On June 6, 2012, counsel for Hemmendinger sent Philadelphia a demand for payment of Philadelphia's policy limit of $1 million in damages as the result of breaches of fiduciary duty and the duty to exercise due care by Corbishley and William Bentley ("Bentley"), who was at all relevant times the assistant director of ProCAP. (ASF 13).

15. On June 13, 2014, Hemmendinger, in his capacity as receiver of ProCAP, filed suit against Corbishley and Bentley in Providence County Superior Court. The suit alleged, among other things, that Corbishley and Bentley had violated "a fiduciary duty to ProCAP and a duty to exercise due care in the performance of their duties and obligations to manage, direct, and supervise the operations and finances of ProCAP ." (ASF 14).

16. On August 15, 2014, Philadelphia sent a reservation of rights letter to Corbishley and Bentley which reserved Philadelphia's right to limit coverage in whole or in part and relied, among other provisions, upon the Policy's Exclusion J. (ASF 15).

776176v.1

17.     On December 23, 2014, Philadelphia wrote to counsel for Hemmendinger and, among other things, notified the receiver of Philadelphia's position that Exclusion J of the Policy applies to bar coverage for Corbishley and Bentley for the receiver's claims against them. (ASF 16).

                                      PHILADELPHIA INDEMNITY INSURANCE COMPANY
By its attorneys,

/s/ *J. Gregory Lahr*
/s/ *William J. Brennan*
J. Gregory Lahr (pro hac vice)
William J. Brennan (pro hac vice)
SEDGWICK LLP
225 Liberty Street, 28th Fl.
New York, NY 10281
Telephone: (212) 422-0202
Fax: (212) 422-0925

/s/ *Thomas M. Robinson*
Thomas Robinson Bar No. 6193
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
Telephone: (401) 331-4660

## CERTIFICATION

I hereby certify that on May 16, 2016, a copy of the foregoing was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system.

| | |
|---|---|
| Mark W. Dana, Esquire | John S. Foley, Esquire |
| Dana & Dana, LLC | Foley Cerilli, P.C. |
| 35 Highland Avenue | 56 Pine Street, Suite 200 |
| East Providence, RI 02914 | Providence, RI 02903 |

/s/ *Thomas M. Robinson*