UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY<br><br>vs.<br><br>PROVIDENCE COMMUNITY ACTION<br>PROGRAM, INC., THOMAS S.<br>HEMMENDINGER, FRANK<br>CORBISHLEY, and WILLIAM<br>BENTLEY | :<br>:<br>:<br>:<br>:   C. A. NO.: 1:15-cv-00388-S<br>:<br>:<br>:<br>:<br>:<br>: |

## AFFIDAVIT OF THOMAS S. HEMMENDINGER

I, Thomas S. Hemmendinger, hereby state under oath and by way of affidavit as follows:

1. I am an attorney and member of the bars of the State of Rhode Island and the Commonwealth of Massachusetts. At all times relevant to the matters involved in this litigation, I was *of counsel* to the law firm of Brennan, Recupero, Cascione, Scungio & McAllister, LLP, where I concentrated my practice in the areas of commercial finance, litigation, bankruptcy, and receivership matters.

2. On December 14, 2011, Mr. Justice Silverstein of the Providence County Superior Court appointed me temporary receiver of Providence Community Action Program ("ProCAP). A copy of the Order Appointing Temporary Receiver entered on December 14, 2011 is attached as Exhibit A. On January 4, 2014, Mr. Justice Silverstein appointed me permanent receiver of ProCAP. A copy of the Order Appointing Permanent Receiver entered on January 4, 2012 is attached as Exhibit B.

3. Because ProCAP owned certain real property and occupied other real property, and some of its employees drove vehicles owned by ProCAP, I was concerned that, in my capacity as

ProCAP's receiver, I could be sued under a theory of vicarious liability by someone who might be injured on property owned or occupied by ProCAP, or in a car crash involving a vehicle owned by ProCAP. Therefore, I asked Frank Shea, who was at the time the interim executive director of ProCAP, to make sure that property and liability insurance was in place and that I was added to the policy as an additional insured on the general liability insurance. An email from me dated December 21, 2011, in which I indicated my concern that motor vehicle liability insurance was in place, and that I was named as an additional insured on such coverage, is attached hereto as Exhibit C.

4. My concern regarding insurance coverage was limited to protection from personal vicarious tort liability for personal injury or property damage. I did not request that I be added as a named insured to any ProCAP directors and officers liability policy. Never in the dozens of cases where I have been appointed receiver have I requested that I be added as a named insured to a directors and officers liability policy, because I do not believe that such coverage is necessary for a receiver. I was never informed by Philadelphia Indemnity Insurance Company that I had been added as an "independent contractor" insured under the ProCAP directors and officers policy which is the subject of this litigation. I was not aware that I have been added as an "independent contractor" insured under the directors and officers liability policy until my attorney in this litigation gave me documents to that effect sometime within the past year. I neither saw nor had any knowledge of the December 29, 2011 letter from Elizabeth Ciampanelli of Troy, Pires & Allen LLC addressed to Providence Community Action until it was produced in response to a subpoena in this case.

5. One of my responsibilities as receiver of ProCAP was to investigate the business and financial affairs of ProCAP to determine whether any claims existed that I could assert as receiver. The only assistance I received in this investigation was from my law firm attorneys, who represented me in my capacity as receiver of ProCAP; from personnel of the State of Rhode Island Bureau of Audits, who were loaned to me to assist me in my duties as receiver; and from Kenneth Richardson, an

independent certified public accountant. The investigation led me to conclude that a claim of breach of fiduciary duty and negligence existed, which I could assert in my capacity as receiver of ProCAP, against Frank Corbishley ("Corbishley"), formerly the executive director of ProCAP, and William Bentley ("Bentley"), formerly the assistant director of ProCAP, all with the approval and authorization of the Providence County Superior Court in the receivership proceeding.

6. After I determined that the basis existed for a director and officer liability claim against Corbishley and Bentley by me in my capacity as receiver of ProCAP, I retained litigation counsel to represent me in that claim, and commenced a director and officer liability claim against Corbishley and Bentley in Providence County Superior Court on June 13, 2014.

7. I have brought this director and officer liability claim against Corbishley and Bentley without any assistance from any current or former officers, directors, executives, or employees of ProCAP, or any other person or entity that would qualify as an "Individual Insured" within the meaning of the definition of that term in the directors and officers liability insurance policy that is the subject of this declaratory judgment action.

8. Shortly after February 18, 2015, I received written notification from the Rhode Island Secretary of State that she had revoked the Certificate of Incorporation/Authority of Providence Community Action Program, Inc. A copy of the Certificate of Revocation of Certificate of Incorporation/Authority that I received, dated February 18, 2015, is attached hereto as Exhibit D.

_____
Thomas S. Hemmendinger

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me this 12th day of May, 2016.

_____
Notary Public Danielle Antonetti
My commission expires: 4/19/2014

## CERTIFICATE OF SERVICE

I hereby certify that on ___JUNE 10___, 2016 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Rhode Island by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ John S. Foley

4