UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY | : | |
| | : | |
| vs. | : | C. A. NO.: 1:15-cv-00388-S |
| | : | |
| PROVIDENCE COMMUNITY ACTION<br>PROGRAM, INC., THOMAS S.<br>HEMMENDINGER, FRANK<br>CORBISHLEY, and WILLIAM<br>BENTLEY | : | |

## DEFENDANT THOMAS S. HEMMENDINGER'S
## STATEMENT OF UNDISPUTED FACTS

Defendant Thomas S. Hemmendinger submits this Statement of Undisputed Facts pursuant to Local Rule 56(a) in support of his cross-motion for summary judgment. This Statement is based on the parties' Agreed Statement of Facts and the Affidavit of Thomas S. Hemmendinger, submitted in support of his objection to plaintiff's motion for summary judgment and his cross-motion for summary judgment.

1.  As of December 14, 2011, Providence Community Action Program ("ProCAP") was a private, not-for-profit corporation and community action agency (commonly referred to as a "CAP agency") with its principal place of business in Providence, Rhode Island. (Agreed Statement of Facts, ¶ 1.)

2.  ProCAP operated, promoted, and supported the development of human service programs aimed at improving the lives of low to moderate-income individuals and families in Providence. ProCAP's programs were funded primarily by grants from various federal, state, and private agencies. (Agreed Statement of Facts, ¶ 2.)

3. Philadelphia Indemnity Insurance Company ("Philadelphia") is an insurance company that is organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania. (Agreed Statement of Facts, ¶ 3.)

4. Philadelphia issued to ProCAP a "Flexiplus Five" insurance policy, Policy No. PHSD619786 ("the Policy"), for the period June 6, 2011 to June 8, 2012. Part 1 of the Policy includes coverage, on a claims-made basis and as limited by the Policy's terms and conditions, for directors and officers liability. (Agreed Statement of Facts, ¶ 4.)

5. On December 14, 2011, Michael A. Solomon, in his capacity as chairman of the Board of Directors of ProCAP, filed a petition in Providence County Superior Court to place ProCAP in receivership, and for the appointment of a permanent receiver. (Agreed Statement of Facts, ¶ 5.)

6. On December 14, 2011, defendant Thomas S. Hemmendinger ("the Receiver") was appointed by the Providence County Superior Court as temporary receiver of ProCAP. (Agreed Statement of Facts, ¶ 6.)

7. Because ProCAP owned certain real property and occupied other real property, and some of its employees drove vehicles owned by ProCAP, the Receiver was concerned that, in his capacity as ProCAP's receiver, he could be sued under a theory of vicarious liability by someone who might be injured on property owned or occupied by ProCAP, or in a car crash involving a vehicle owned by ProCAP. Therefore, he asked Frank Shea, who was at the time the interim executive director of ProCAP, to make sure that property and liability insurance was in place and that the receiver was added to the policy as an additional insured on the general liability insurance. (Affidavit of Thomas S. Hemmendinger, ¶ 3.)

8. The Receiver's concern regarding insurance coverage was limited to protection from personal vicarious tort liability for personal injury or property damage. The Receiver did not request

that he be added as a named insured to any ProCAP directors and officers liability policy. (Affidavit of Thomas S. Hemmendinger, ¶ 4.)

9.     On December 22, 2011, the Policy was amended by Philadelphia to add the receiver as an insured as an "independent contractor." (Agreed Statement of Facts, ¶ 7.)

10.    The Receiver was not aware that he had been added as an "independent contractor" insured under the directors and officers liability policy until his attorney in this litigation gave him documents to that effect sometime within the past year. The Receiver did not see the December 29, 2011 letter from Elizabeth Ciampanelli of Troy, Pires & Allen LLC addressed to Providence Community Action until it was produced in response to a subpoena in this case. (Affidavit of Thomas S. Hemmendinger, ¶ 4.)

11.    On January 4, 2012, the Receiver was appointed by the Providence County Superior Court as permanent receiver of ProCAP. (Agreed Statement of Facts, ¶ 10.)

12.    In his capacity as receiver of ProCAP, the Receiver conducted an investigation of the business and financial affairs of ProCAP to determine whether any claims existed that he could assert as receiver. The only assistance he received in this investigation was from his law firm attorneys, representatives in his capacity as receiver of ProCAP; from personnel of the State of Rhode Island Bureau of Audits, who were loaned to him to assist him in my duties as receiver; and from Kenneth Richardson, an independent certified public accountant. (Affidavit of Thomas S. Hemmendinger, ¶ 5.)

13.    The Receiver's investigation led him to conclude that a claim of breach of fiduciary duty and negligence existed, which he could assert in his capacity as receiver of ProCAP, against Frank Corbishley ("Corbishley"), formerly the executive director of ProCAP, and William Bentley ("Bentley"), formerly the assistant director of ProCAP, all with the approval and authorization of the Providence County Superior Court in the receivership proceeding. (Affidavit of Thomas S. Hemmendinger, ¶ 5.)

14. On February 22, 2012, counsel for Hemmendinger notified Philadelphia that Hemmendinger, in his capacity as receiver of ProCAP, might assert claims against defendant Frank Corbishley ("Corbishley"), who was, at all relevant times, the executive director of ProCAP. (Agreed Statement of Facts, ¶ 11.)

15. On March 24, 2012, Philadelphia sent a reservation of rights letter to Hemmendinger which reserved Philadelphia's right to limit coverage in whole or in part and relied, among other provisions, upon the Policy's Exclusion J. (Agreed Statement of Facts, ¶ 12.)

16. On June 6, 2012, counsel for Hemmendinger sent Philadelphia a demand for payment of Philadelphia's policy limit of $1 million in damages as the result of breaches of fiduciary duty and the duty to exercise due care by Corbishley and William Bentley ("Bentley"), who was at all relevant times the assistant director of ProCAP. (Agreed Statement of Facts, ¶ 13.)

17. On June 13, 2014, Hemmendinger, in his capacity as receiver of ProCAP, filed suit against Corbishley and Bentley in Providence County Superior Court. The suit alleged, among other things, that Corbishley and Bentley had violated "a fiduciary duty to ProCAP and a duty to exercise due care in the performance of their duties and obligations to manage, direct, and supervise the operations and finances of ProCAP." (Agreed Statement of Facts, ¶ 14.)

18. The Receiver has brought his director and officer liability claim against Corbishley and Bentley without any assistance from any current or former officers, directors, executives, or employees of ProCAP, or any other person or entity that would qualify as an "Individual Insured" within the meaning of the definition of that term in the directors and officers liability insurance policy that is the subject of this declaratory judgment action. (Affidavit of Thomas S. Hemmendinger, ¶ 7.)

19. On December 23, 2014, Philadelphia wrote to counsel for Hemmendinger and, among other things, notified the receiver of Philadelphia's position that Exclusion J of the Policy applies to

bar coverage for Corbishley and Bentley for the receiver's claims against them. (Agreed Statement of Facts, ¶ 16.)

        THOMAS S. HEMMENDINGER, in his capacity as Receiver of Providence Community Action Program, Inc.
By his attorney,

/s/ John S. Foley
_____
John S. Foley, Esq.     Bar #2060
FoleyCerilli, P.C.
56 Pine Street, Suite 200
Providence, RI 02903
Telephone:  (401) 272-7800
Facsimile:   (401) 274-2780
john@foleycerilli.com

## CERTIFICATE OF SERVICE

     I hereby certify that on June 10, 2016 I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Rhode Island by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

        /s/ John S. Foley
        _____